Bell, J.
From the pleadings and the agreed statement of facts appear the following facts:
On September 14, 1954, a petition for an election to incorporate the village of Blue Ash was filed with the Board of Township Trustees of Sycamore Township. An election was held in Sycamore Township on September 30, 1954, in which 982 electors voted in favor of incorporation and 495 voted against it. Thereupon, the board of. trustees adopted a resolution declaring the village incorporated, certified a transcript of the incorporation proceeding and delivered the same to the respondent.
On October 9, 1949, there had been presented to the Board of County Commissioners of Hamilton County a petition for annexation of certain property within Sycamore Township to the city of Beading, Ohio, and on March 29, 1950, the Board of County Commissioners allowed said petition. On May 27, 1950, in cause No. A121868 in the Court of Common Pleas of Hamilton County, a temporary restraining order was issued enjoining the annexation proceeding. Said order remained pending until December 2, 1954, at which time it was made permanent.
It is the contention of respondent that, since the Board of County Commissioners had exercised jurisdiction in the annexation proceeding, the Board of Township Trustees had no jurisdiction in the incorporation proceeding and that the latter proceeding is, therefore, void.
This court has held that where power is given by statute to two different governmental boards to act with reference to the same subject matter, exclusive authority to so act is acquired by the board first acting under the power. Trumbull County Board of Education v. State, ex rel. Van Wye, 122 Ohio St., 247, 171 N. E., 241. However, such acquisition must be valid. The *328 Court of Common Pleas of Hamilton County when it issued the injunction against the annexation proceeding obviously held such proceeding to be void. Although the annexation was not permanently enjoined until December 2, 1954, such injunction must nevertheless be tantamount to a holding that the annexation proceeding was void from the beginning.
Inasmuch as there was no valid annexation proceeding pending at the time the transcript of incorporation was presented to the respondent, there was no reason for his refusing to perform the ministerial duty of accepting the same for recording.
The writ, therefore, is allowed.

Writ allowed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Taft, JJ., concur.